UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Andrew Ellis and Harriet Ellis,

        Plaintiffs,

v.

City of Minneapolis, a municipal
corporation, John and Jane Does 1-10,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-57 ADM/SER

---

Andrew Ellis and Harriet Ellis, pro se.

Kristin R. Sarff, Esq., and Sara J. Lathrop, Esq., City Attorney's Office, Minneapolis, MN, on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on the Motion to Alter, Amend, [or] Vacate Judgment and to Amend Complaint [Docket No. 15] filed by Plaintiffs Andrew Ellis and Harriet Ellis (collectively the "Ellises"). For the reasons stated below, the Ellises' Motion is denied.

## II. ANALYSIS

The Court dismissed this case with prejudice in its August 15, 2012 Order [Docket No. 13]. The Ellises now timely move to amend or alter the judgment, pursuant to Federal Rule of Civil Procedure 59. Specifically, the Ellises contend that the Court erred by not mentioning a letter they submitted, by failing to grant their request to amend their complaint, by dismissing their case with prejudice, and by finding their claims time-barred. See generally Pls.' Mem. in Support of Mot. to Alter, Amend, Vacate Judgment [Docket No. 16].

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a

judgment if filed no later than 28 days after the entry of judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Such motions are to be granted sparingly because of the judicial interest in finality and the conservation of scarce judicial resources. Pa. Ins. Guar. Ass'n v. Trabosh, 812 F.Supp. 522, 524 (E.D.Pa. 1992). A motion to amend serves "the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (citation and internal quotations omitted).

The Ellises' main argument is that this Court erred by not addressing a letter they submitted, in which they thank the Court for cancelling oral argument, suggest they would still like to have oral argument once they find an attorney, and state that they "would also like to ask for [the Court's] permission to amend [their] complaint." July 30, 2012 Letter [Docket No. 12]. When not requested under Rule 15(a)(1) as a matter of course, a party may amend a complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Parties do not have an absolute right to amend their pleadings. United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). A district court may deny the motion for leave to amend if compelling reasons exist, including futility of the amendment. Hammer v. City of Osage Beach, MO, 318 F.3d 832, 844 (8th Cir. 2003).

First, the Ellises' letter did not constitute a motion for amending their pleadings. "A letter is not a motion." Mortensen v. Nevens, No. 2:10-cv-2263, 2011 WL 772885, at *1 (D. Nev. Feb. 25, 2011). According to the Local Rules, any motion to amend a pleading must

2

include "a copy of the proposed amended pleading" and "a version of the proposed amended pleading that shows . . . how the proposed amended pleading differs from the operative pleading." L.R. 15.1(b). The Ellises' July 30, 2012 Letter did not include any of these required documents, and even their current motion only includes a copy of the proposed amended pleading without a version showing the redactions and changes. See Aff. of Ellis [Docket No. 17] Att. 1. No motion for leave to amend the pleadings was properly before this Court.

Second, even if the Court had interpreted the July 30, 2012 Letter as a motion for leave to amend a complaint, the Court would have denied it because if its futility. Counts One, Two, and Six of the Ellises' Complaint were dismissed with prejudice because they were time-barred and because they were insufficiently pleaded. August 15, 2012 Order 5. Count Six was also dismissed because it was barred by the doctrine of res judicata and the Rooker-Feldman doctrine, as well as the Ellises' lack of standing to bring such a claim. Id. at 7–8. Count Three of the Ellises' Complaint was dismissed because it was barred by the statute of limitations and because as a matter of law the City Defendants could not be liable. Id. at 8–9. Counts Four and Five of the Ellises' Complaint were dismissed because they were barred by res judicata and the Rooker-Feldman doctrine. For all these reasons, amendment of the Ellises' Complaint would have been futile; this Court would have denied such a motion had it been properly made.

Furthermore, the Ellises' Letter did not need to be addressed. The Ellises' July 30, 2012 Letter came a week after the Court had already cancelled the hearing on the motion to dismiss per the Ellises' request. In a July 19, 2012 Letter, the Ellises stated that they did not plan to attend the hearing. July 19, 2012 Letter [Docket No. 10]. The Court promptly cancelled the hearing and took the matter under advisement, relying on the parties' voluminous 86 pages of

3

briefing. The Ellises July 30, 2012 Letter, therefore, did not need to be addressed. The Court had already cancelled the hearing and taken it under advisement, so the Ellises' request for a rescheduled oral argument was moot.

The Ellises' other arguments are similarly without merit. The Ellises claim that the Court erred by finding many of its claims time-barred, but nothing in the record or in the Ellises' Motion establish that these claims were not time-barred. Additionally, although the Ellises state that they disagree with the Court's decision to dismiss their case with prejudice, they offer no reasoning, case law, or argument as to why this finding is incorrect.

For these reasons, the Court is convinced no manifest errors of law or of fact exist here, and no newly discovered evidence has been offered to warrant a different outcome. The Rule 59(e) motion, therefore, warrants dismissal.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that: Plaintiffs' Motion to Alter, Amend, [or] Vacate Judgment and to Amend Complaint [Docket No. 15] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 26, 2012.